

4242 MERRICK ROAD, MASSAPEQUA, NEW YORK 11758

NEIL H. GREENBERG, ESQ.

JUSTIN M. REILLY, ESQ.

HEATHER N. BABIONE, ESQ.

KEITH E. WILLIAMS, ESQ.

PARALEGALS

EMILY COLATO REYES

December 7, 2018

**Via: ECF Filing**

Honorable Judge Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE: Gonzalez v. Midland Meat Trading, Inc., et al.; 18-CV-6055 (BMC)**

Honorable Judge Cogan:

Pursuant to Your Honor's October 31, 2018 Scheduling Order [D.E. 5] and in advance of the parties' Initial Conference, currently scheduled for December 13, 2018, kindly accept this correspondence as the parties' joint letter outlining a description of the case and addressing any contemplated motions.

Plaintiff's Contentions

Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et seq.*, to recover unpaid overtime compensation. This Court has jurisdiction of Plaintiff's FLSA claim based upon 29 U.S.C. § 216(b) and 28 U.S.C. §1331. Plaintiff further seeks recovery of unpaid overtime compensation, unpaid minimum wages, and statutory damages for failure to provide wage statements pursuant the New York Labor Law ("NYLL"), Articles 6 and 19. This Court has jurisdiction of Plaintiff's NYLL claims based upon 28 U.S.C. § 1367(a) because the claims are so related to his FLSA claims that they form part of the same case or controversy. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claims occurred in this judicial district.

Plaintiff was employed by Defendants from October 2009 until about June 20, 2018. As more thoroughly discussed in Plaintiff's Complaint, Plaintiff contends that he was not paid minimum wage or overtime compensation during certain time periods of his employment with Defendants at their wholesale meat distribution warehouse in Brooklyn, New York. Plaintiff alleges that from December 31, 2014 until December 30, 2015, Defendants only paid him $388 per week, which

equals less than the statutory minimum wage rate based on the forty-eight (48) hours per week that he claims he worked. Plaintiff further alleges that from January 2017 until the end of his employment he was entitled to, but not paid, overtime compensation for those hours that he worked each week in excess of forty. During this time, he claims that he worked forty-five (45) hours per week from January 2017 through November 2017 and then forty-six (46) hours per week until the end of his employment, but that he was only paid a flat, weekly rate for all hours worked. Lastly, Plaintiff alleges that he was not provided with accurate wage statements, or pay stubs, with his weekly pay checks.

The only motions Plaintiff anticipates having to make, should the need arise, will be discovery related.

Defendants' Contentions

Although doubtful whether this District Court has subject matter jurisdiction on this matter, Defendants' counsel is not going to move for dismissal under the Rule 12 of the Federal Rules of Civil Procedure before filing answer, because he is still in the middle of collecting relevant information or documents from his clients. Defendants contend that the FLSA does not apply to this case, because the gross revenue of Midland Meat Trading Inc. did not exceed $500,000 for the relevant years, which does not meet the threshold for the "enterprise coverage" under the FLSA. Defendants intend to move for summary judgment as soon as they gathered adequate records.

Defendants kept comprehensive records for Plaintiff Gonzalez's working hours and compensation. Defendants' records show that Plaintiff did not worked for over forty hours per week from 2012 to 2017. Defendants paid Plaintiff hourly and over the prevailing minimum wage rate, instead of a fixed rate regardless of how many hours Plaintiff actually worked. Although paid by cash, Plaintiff was provided in writing his employers' address, phone number, address, his pay rate, and schedules.

Defendants are willing to settle the case if parties could reach an agreement at an early stage. Defendants contemplate making summary judgment on the issue whether FLSA applies to this case or other discovery-related motions at this moment.

Thank you for your time and consideration of this matter.

Very truly yours,

_____
Keith E. Williams, Esq.
Attorney for the Plaintiff

Rui Ma, Esq.
Attorney for the Defendants