# NEGOTIATED SETTLEMENT AGREEMENT & RELEASE

This Agreement and Release ("Agreement") is made by and between MIDLAND MEAT TRADING, INC., TOM SA, and ZHAO JIA SA, on the one hand, ("Defendants"), and RODOLFO CORDERO GONZALEZ, on his own behalf and on behalf of his heirs, executors, administrators, successors and assigns, on the other hand ("Plaintiff"). Plaintiff and Defendants are hereinafter collectively referred to as the "Parties".

WHEREAS, Defendants and Plaintiff are parties to a lawsuit in the United States District Court for the Eastern District of New York, entitled Gonzalez v. *Midland Meat Trading, Inc. et al*, 18 CV 6055 (CLP) (the "Civil Action");

WHEREAS the Defendants and Plaintiff to that lawsuit wish to reach a compromise of that Civil Action;

WHEREAS, the Parties understand and agree that Defendants for themselves and any and all present and former affiliated entities, predecessor entities, successor entities and their respective present and former officers, partners, directors, board members, principals, trustees, professional employer organizations, administrators, executors, agents, owners, shareholders, employees, and assigns, individually and in their official capacities, deny each and every assertion of wrongdoing with respect to Plaintiff;

WHEREAS, the Parties understand and agree that neither the making of this Negotiated Settlement Agreement nor anything contained herein shall in any way be construed or considered to be an admission by Defendants of liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the Plaintiff. It is expressly understood and agreed that this Agreement is being entered into solely for the purpose of avoiding the costs of litigation and amicably resolving all matters in controversy, disputes, causes of action, claims, contentions and differences of any kind whatsoever which have been or could have been alleged by the Parties against each other; and

WHEREAS, Plaintiff, with full assistance and through consultation with counsel, freely and voluntarily enters into this Agreement in exchange for the promises contained herein and the full payment due from Defendants as provided for herein; and

WHEREAS, the Court has made no findings as to the merits of the Complaint; and

WHEREAS, the terms and conditions of this Agreement, including the Release incorporated herein, have been explained to the Parties by their counsel;

NOW THEREFORE, in consideration of the foregoing, the mutual promises and the Release contained herein and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties each agree as follows:

1. In consideration for the payment of TWELVE-THOUSAND FIVE HUNDRED DOLLARS ($12,500.00) ("the Settlement Payment"), as set forth in paragraph 2. herein, Plaintiff hereby releases, waives and forever discharges all claims against Defendants ("RELEASEES"), for alleged unpaid overtime pay and minimum wages arising from the Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. section 201 and for alleged unpaid overtime pay, minimum wages, regular wages, spread of hours compensation, failure to provide wage notices, and failure to provide wage statements arising from the Plaintiff's claims under the New York Labor Law as well as section 650 et seq., including Part 142, section 142-2.2 and section 142-2.4 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law), from the beginning of the world to the day and date Plaintiff signs this Agreement up to and including the date of the complete execution of this Agreement.

2. The Settlement Payment shall be delivered to the offices of Plaintiff's counsel, Neil H. Greenberg & Associates, P.C., 4242 Merrick Road, Massapequa, New York 11758 and paid as follows:

   a. Within 30 days of the Court approving this Settlement Agreement and dismissing this action against Defendants with prejudice, Defendants shall issue a check made payable to "Rodolfo Cordero Gonzalez" in the sum of $2,500.00 ("first payment") for which Plaintiff shall receive an IRS 1099 tax form with box #3 checked.
   b. Within 30 days of making the first payment, Defendants shall issue a check made payable to "Rodolfo Cordero Gonzalez" in the sum of $2,500.00 for which Plaintiff shall receive an IRS 1099 tax form with box #3 checked.
   c. Within 60 days of making the first payment, Defendants shall issue a check made payable to "Rodolfo Cordero Gonzalez" in the sum of $2,500.00 for which Plaintiff shall receive an IRS 1099 tax form with box #3 checked.
   d. Within 90 days of making the first payment, Defendants shall issue a check made payable to "Rodolfo Cordero Gonzalez" in the sum of $500.00 for which Plaintiff shall receive an IRS 1099 tax form with box #3 checked. Defendants shall also issue a check to NEIL H. GREENBERG & ASSOCIATES, P.C. ("NHG") in the amount of $2,000.00, made payable to NHG. Defendants shall issue an IRS Form 1099 to NHG in connection with this payment.
   e. Within 120 days of making the first payment, Defendants shall issue a check made payable to NHG in the amount of $2,500.00. Defendants shall issue an IRS form 1099 to NHG in connection with this payment.
   f. Of the Settlement Payment, Plaintiff shall receive a total of $8,000.00 and NHG shall receive a total of $4,500.00.

3. On or about January 31, 2020, Plaintiff shall receive from Defendants and Defendants shall file with the Internal Revenue Service a Form 1099 reflecting payment to the Plaintiff of that portion (if any) of the Settlement Payment which was received by him in the prior

calendar year. Plaintiff shall be responsible to pay all Federal, State and local taxes in connection with that portion of the Settlement Payment which was received by him and agrees to indemnify and hold Defendants harmless for any and all Federal, State and local taxes, interest and penalties that are due, may become due or are otherwise assessed against Plaintiff or the Defendants, at any time, with the exception of Defendants' portion of FICA and FUTA, if any.

4. The Parties acknowledge that the RELEASEES do not admit that they have done anything wrong or treated Plaintiff unlawfully, and the RELEASEES specifically state that they have not violated or abridged any federal, state, or local law or ordinance, or any duty or obligation that they may owe or may have owed to the Plaintiff.

5. Upon delivery to the Defendants of this fully executed Agreement, the Plaintiff shall deliver to Defendants' counsel an executed Stipulation of Dismissal with Prejudice dismissing all claims in the Civil Action with prejudice against Defendants and without costs or fees assessed against any party except as provided for in this Agreement. Plaintiff shall then promptly file a motion for settlement approval with the Court seeking judicial approval of this Agreement and the dismissal of the Civil Action against Defendants with prejudice.

6. This Agreement is in settlement of disputed claims. The Parties agree that there is a *bona fide* dispute as to whether Plaintiff could prevail on the merits of his FLSA and NYLL claims and that the amount being paid to Plaintiff, as indicated in Paragraphs 1 and 2, is a fair and reasonable resolution to this *bona fide* dispute.

7. Enforcement of this Agreement shall be governed and interpreted by and under the laws of the State of New York, regardless of whether any party is, or may hereafter be, a resident of another state.

8. No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding unless in writing, signed by or on behalf of all the Parties, and then only to the extent set forth in such written waiver, modification or amendment.

9. This Agreement shall be binding upon, and inure to the benefit of, the Parties and their affiliates, beneficiaries, heirs, executors, administrators, successors, and assigns.

10. This Agreement shall not be construed to create rights in, grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party as a beneficiary of this Agreement.

11. This Agreement constitutes the entire agreement of the Parties concerning the subjects included herein. This Agreement may not be changed or altered, except in writing and signed by all Parties.

12. In any interpretation of this Agreement the masculine, feminine or neuter pronouns, respectively, shall include the other genders. This Agreement has been drafted jointly by all Parties, and therefore it shall not be construed strictly against any Party as the drafter.

13. This Agreement shall become effective upon its execution by all Parties. However, if the Court in this Civil Action refuses to approve this Agreement, the parties shall make all reasonable efforts to modify this Agreement to make it acceptable to the Court. If after conferring in good faith the parties are unable to do so, this Agreement shall become void and unenforceable.

14. The Parties agree not to seek any interest, fees or costs from each other and, except as provided in this Agreement, agree to be responsible for the payment of their own attorneys' fees, costs and disbursements incurred in connection with the Civil Action.

15. This Agreement may be executed in two or more counterparts, each of which together shall be deemed an original, but all of which together shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of an ADOBE ".pdf" format data file, such signature shall create a valid and binding obligation of the party executing (or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

16. This Agreement supersedes all prior agreements or understandings of any kind, whether oral or written, and represents the entire Agreement. This Agreement is intended to memorialize the full and final compromise and settlement of all matters in controversy, disputes, causes of action, claims, contentions and differences between the Parties. This Agreement represents the entire understanding of the Parties with respect to the subject matter hereof

17. Plaintiff states that his attorneys' fees and expenses are paid, and there will be no further or separate claim for attorneys' fees or expenses.

18. Parties agree that they will not make any statement, written, oral or electronic, which in any way disparages or denigrates the other party, including any principal or employee that Plaintiff knows to be employed by Defendants, and parties shall refrain from impugning the other party's reputation and character and/or their business practices. However, such restrictions on Plaintiff's future statements do not bar Plaintiff from making truthful statements about his experience litigating this lawsuit.

19. Concurrently with the execution of this Agreement, Zhao Jia Sa shall execute an Affidavit of Confession of Judgment in the form attached hereto as Exhibit A. Defendants shall provide Plaintiff's counsel with said executed Affidavit of Confession of Judgment bearing original signatures. The Affidavit of Confession of Judgment shall be held in escrow by Plaintiff's counsel. Plaintiff and Defendants agree that the Court shall retain enforcement jurisdiction to ensure the Parties' compliance with the terms and conditions of this Agreement and expressly consent to the jurisdiction of the Court for such purpose. In the event of a default, which default is not timely cured, Defendants shall be liable to Plaintiff in the total amount of Fifteen Thousand Dollars ($15,000.00) less any amounts already paid pursuant to paragraph 2 above. Defendants will be considered in default of this Agreement if they fail to timely deliver to the Plaintiff's attorney the payment set forth in paragraph 2 of this Agreement and such failure is not cured within ten (10) business days after receipt of written notice to cure any defaults [an "Event of Default"]. If after ten (10) business days after receipt of written notice of default

4

Defendants have failed to cure the default, and an "Event of Default" is deemed to have occurred, the amount of Fifteen Thousand Dollars ($15,000.00) minus any payments made pursuant to this Agreement will immediately become due to Plaintiff, and Plaintiff may apply to the Court for such relief as well as file the Affidavit of Confession of Judgment. Written notice of such default shall be given to Defendants' Counsel, Rui Ma, Esq., via email transmission at rma@hanglaw.com and via First Class U.S. Mail to 136-20 38th Avenue, Suite 10G, Flushing, New York 11354. Upon complete satisfaction of all payments set forth in Paragraph 2, the Affidavit of Confession of Judgment will be deemed null and void, and Plaintiff's counsel will return the original Affidavit of Confession of Judgment to Defendants' counsel, and shall retain no copies of same.

IN WITNESS WHEREOF, Plaintiff and Defendants have duly executed this Agreement & Release.

Plaintiff:

_____
RODOLFO CORDERO GONZALEZ

Defendants:

MIDLAND MEAT TRADING, INC.

By: _____

_____
TOM SA

_____
ZHAO JIA SA

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
RODOLFO CORDERO GONZALEZ,          18-CV-6055 (CLP)

                Plaintiff,

-against-

MIDLAND MEAT TRADING, INC., TOM SA, and
ZHAO JIA SA,

                Defendants.
---------------------------------------------------------------X

## AFFIDAVIT FOR JUDGMENT BY CONFESSION

STATE OF NEW YORK    )
                                 ) ss.:
COUNTY OF QUEENS     )

ZHAO JIA SA, being duly sworn, deposes and says:

1. I am a Defendant in the above-entitled action and I am a principal of Defendant, Midland Meat Trading, Inc. ("Corporate Defendant").

2. I am duly authorized to make this affidavit in support of Plaintiff's application for the entry of a judgment by confession against me and the Corporate Defendant in the above-captioned action.

3. This is a judgment to be confessed for money due. The facts out of which the debt arose and that the sum confessed as justly due is set forth below.

4. In or around April 2019, Defendants agreed to pay the total sum of Twelve Thousand Five Hundred Dollars and Zero Cents ($12,500.00) in exchange for the dismissal of the above-captioned action, with prejudice, and the Parties executed a Settlement Agreement (the "Agreement"), attached hereto as Exhibit A.

5. Under the terms of the Agreement, Defendants agreed to pay a total gross settlement amount of Twelve Thousand Five Hundred Dollars and Zero Cents ($12,500.00).

6. Under the terms of the Agreement, I agreed to execute the instant Affidavit for Confession of Judgment on behalf of myself and the Corporate Defendant in the amount of Fifteen Thousand Dollars ($15,000.00), less any payments made by Defendants under said Agreement.

7.      Under the terms of the Agreement, if Defendants are in default in the payment of any portion of the Twelve Thousand Five Hundred Dollars ($12,500.00), Plaintiff shall provide ten (10) business days' notice to Defendants as provided for and set forth in the Settlement Agreement of their intent to file the Affidavit for Confession of Judgment with the court. Defendants shall have ten (10) calendar days to remedy their default.

8.      Accordingly, if Defendants do not remedy their default within ten (10) business days of their receipt of such notice, I hereby authorize the entry of judgment in the amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00) less any payments made by Defendants under said Agreement, against myself.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

9. I hereby confess judgment and authorize this confessed judgment to be entered with the clerk of any court of competent jurisdiction.

Dated: Flushing, New York
May 1, 2019

_____
ZHAO JIA SA

STATE OF NEW YORK   }
                    }S.S.
COUNTY OF QUEENS    }

On May 1st, 2019, before me personally came Zhao Jia Sa, to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

LORENA P. DUARTE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02DU6368787
Qualified In Nassau County
My Commission Expires 12-18-2021